IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRANSPARENCE, LLC | |
| **Plaintiff,** | |
| v. | Civil Action No. 2:24-cv-00910 |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | JURY TRIAL DEMANDED |
| **Defendants.** | |

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE

<u>**CONTENTS**</u>

I.    BACKGROUND ............................................................................................1

    A.    P.R. 4-2: Transparence notifies Samsung it will rely on expert testimony to oppose Samsung if Samsung relies on expert testimony. ...................1

    B.    Interim: The parties negotiate simultaneous expert disclosures. ............................2

    C.    P.R. 4-3: Transparence provides its expert's declaration to oppose Samsung's arguments. ..........................................................................4

II.    ARGUMENT ...............................................................................................5

    A.    The Patent Local Rules are clear—rebuttal evidence is disclosed at P.R. 4-3, not P.R. 4-2. .........................................................................5

    B.    Transparence complied with P.R. 4-3 by disclosing Dr. Schaefer's declaration..........................................................................................6

    C.    An expert explaining Samsung's arguments are wrong is not a new construction...........................................................................................10

    D.    Additional disclosed dictionary definitions. ........................................................12

    E.    There is no prejudice to Samsung. .......................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Mktg. Sys., LLC v. CVS Pharmacy, Inc.*,
No. 6:15-CV-134-JRG-KNM, 2016 WL 1741396 (E.D. Tex. May 3, 2016) ..........................9

*Am. Pats. v. Coolpad Grp. Ltd.*,
No. 4:19-CV-877, 2020 WL 5534482 (E.D. Tex. Sept. 15, 2020)........................................14

*Firtiva Corp. v. Funimation Glob. Grp., LLC*,
No. 2:21-cv-00111-JRG-RSP, 2022 WL 1645086 (E.D. Tex. May 24, 2022) ......................15

*Fractus, S.A. v. AT&T Mobility LLC*,
No. 2:18-CV-00135-JRG, 2019 WL 5373021 (E.D. Tex. Mar. 19, 2019).................... *passim*

*Fundamental Innovation Sys. Int'l LLC v. Samsung Elecs. Co.*,
No. 2:17-CV-145-JRG-RSP, 2018 WL 647734 (E.D. Tex. Jan. 31, 2018)............................15

*Headwater Rsch. LLC v. AT&T Inc.*,
No. 2:23-CV-397-JRG-RSP, 2025 WL 3030762 (E.D. Tex. July 11, 2025),
*report and recommendation adopted,* 2025 WL 3028536 (E.D. Tex. Oct. 29,
2025) ....................................................................................................................................10

*Innovative Display Techs. LLC v. Acer Inc.*,
No. 2:13-CV-00522-JRG, 2014 WL 3402529 (E.D. Tex. July 11, 2014)...............................9

*Lodsys, LLC v. Brother Int'l Corp.*,
No. 2:11-CV-90-JRG, 2013 WL 6442185 (E.D. Tex. Mar. 12, 2013).....................................6

*Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*,
No. 2:23-cv-00515-JRG-RSP, 2025 WL 3500678 (E.D. Tex. Feb. 4, 2025)........10, 11, 12, 13

*Nichols v. Enterasys Networks, Inc.*,
495 F.3d 185 (5th Cir. 2007) ...............................................................................................10

*Parthenon Unified Memory Architecture LLC v. HTC Corp.*,
No. 2:14-CV-690-RSP, 2015 WL 11117317 (E.D. Tex. June 4, 2015) .......................5, 13, 14

*Phoenix Licensing, L.L.C. v. AAA Life Ins. Co.*,
No. 2:13-CV-1081-JRG-RSP, 2015 WL 11110605 (E.D. Tex. Apr. 7, 2015)...............8, 9, 15

*Salazar v. AT&T Mobility LLC*,
No. 2:20-CV-00004-JRG, 2021 WL 11703427 (E.D. Tex. July 28, 2021)............................10

Samsung's motion to strike Transparence's timely disclosed expert declaration and dictionary definitions is based on its misunderstanding of the Patent Local Rules. Transparence disclosed this evidence on time under P.R. 4-3. What's worse, Samsung knew this evidence was coming and had every opportunity to address it but chose not to. This motion is pure gamesmanship dressed up as procedural outrage. The facts are straightforward: Transparence told Samsung in its P.R. 4-2 disclosure that it would rely on rebuttal expert testimony if Samsung disclosed an expert in its own P.R. 4-2 disclosure. Samsung did. Transparence followed through. Before the P.R. 4-3 deadline, at Samsung's own suggestion, the parties exchanged the exact terms their experts would address. Samsung cannot now feign surprise. To make matters worse, Samsung sat on its hands for over a month, declining to depose Transparence's expert, never seeking to supplement its own expert declaration, and waiting until the eve of Transparence filing its opening claim construction brief to cry foul. Transparence broke no rules, and Samsung suffered no prejudice. The motion should be denied.

## I.     BACKGROUND

### A.     P.R. 4-2: Transparence notifies Samsung it will rely on expert testimony to oppose Samsung if Samsung relies on expert testimony.

The parties served their P.R. 4-1 disclosures on November 21, 2025. Dkt. 30 at 6. In these disclosures, Samsung identified seven pages worth of terms for construction, totaling roughly **70 terms** across only 24 claims. *See generally* Dkt. 48-3. Transparence identified no terms for construction. Dkt. 48-4 at 1.

On December 19, 2025, at the P.R. 4-2 stage, Transparence stated that each of the numerous terms proposed by Samsung should be given its plain and ordinary meaning, and Transparence made a "preliminary identification of extrinsic evidence." *See generally* Dkt. 48-2; P.R. 4-2(b). In its disclosure, Transparence made its position clear regarding expert testimony:

1

> At this time, Transparence does not intend to rely on expert testimony to support its claim constructions. **Transparence reserves the right to do so** (i) **based on Defendants' proposed constructions** or (ii) **in rebuttal, if Defendants' P.R. 4-2 disclosures state the Defendants intend to rely on expert testimony** to support their proposed constructions.

Dkt. 48-2 at 34 (emphasis added). In that same disclosure, Transparence reiterated that it would identify and introduce evidence at the P.R. 4-3 stage to oppose Samsung's evidence: "Transparence expressly preserves and does not waive its rights under Patent Rule 4-3 to identify in its 4-3 disclosure 'any extrinsic evidence known to [Transparence] on which it intends to rely either to support its position or to *oppose* [Samsung's] position.'" Dkt. 48-2 at 2 (quoting P.R. 4-3) (alterations and emphasis in original). In Samsung's P.R. 4-2 disclosure, for every one of the roughly 70 terms Samsung identified, it provided a similar statement regarding the expert testimony it intended to introduce:

> Samsung may rely on testimony including from Dr. Loren Terveen to explain the technology, state of the art at the time the application leading to the '079 patent was filed, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention, including whether a person of ordinary skill in the art could discern the boundaries of this claim element with reasonable certainty, based upon a review of the intrinsic and extrinsic evidence.

Dkt. 48-5 at 2.[1]

### B.     Interim: The parties negotiate simultaneous expert disclosures.

Samsung argues that Transparence "affirmatively stated in its P.R. 4-2 submission that it did not intend to rely upon any expert testimony, other than Transparence's purported general reservation of rights. Then, just weeks later, Transparence served a declaration from Dr. Schaefer . . . ." Dkt. 48 at 9. Samsung's allegation that it was blindsided by Transparence's declaration is entirely belied by the record. Declaration of Trevor Nystrom ("Nystrom Decl."), Exs. A, B. After

---

[1] Samsung subsequently dropped roughly 20 terms after contending they should be given their plain and ordinary meaning. Nystrom Decl., Ex. A at 2.

2

the P.R. 4-2 disclosures, the parties *repeatedly* met and conferred about their P.R. 4-2 and 4-3 disclosures. First, the parties discussed Samsung contending several terms were indefinite for the first time in its P.R. 4-2 disclosures although it never identified these terms as indefinite in its P.R. 3-3 Invalidity Contentions as required. Dkt. 48-8 at 12. Samsung dropped these untimely indefiniteness arguments. *Id.*

Second, and more important, the parties discussed exchanging expert reports and what those reports would contain. *See, e.g.*, Dkt 48-8 at 16 (Transparence noting that it "expect[ed] to have a fulsome discussion at the meet and confer [on January 6, 2026] as to why Samsung contends certain terms are indefinite so that [Transparence's] expert can provide an effective rebuttal").

At no point did Transparence hide the fact that it intended to provide an expert declaration at the P.R. 4-3 stage—indeed, Samsung ***expected*** Transparence to provide one. On January 3, 2026, Samsung proposed that "the parties exchange . . . a list of terms that they intend to include in the [P.R. 4-3(b)] expert declaration [that is] due on January 9." Ex. A at 1. Tellingly, Samsung's motion never mentions this proposed exchange. Transparence agreed to this "simultaneous exchange [prior to the P.R. 4-3 deadline] of terms that the parties intend to include in their claim construction expert reports." Dkt. 48-8 at 15. Consistent with this, on January 6, 2026, Transparence identified the terms "it intend[ed] to include in its expert claim construction report" to be served on the P.R. 4-3 deadline. Ex. B at 1-2. At no point did Samsung object to an undisclosed expert or any terms he might opine on. Nystrom Decl. ¶ 3. Just the opposite, Samsung was fully aware that Transparence would rely on expert testimony to oppose Samsung's proposed constructions and indefiniteness arguments. Indeed, Samsung knew the specific terms and claims Transparence's expert would opine on before the P.R. 4-3 deadline. Ex. B at 1-2.

## C.    P.R. 4-3: Transparence provides its expert's declaration to oppose Samsung's arguments.

On January 9, 2026, the parties filed the Joint Claim Construction Chart. Dkt. 44. As expected, Samsung provided the expert declaration of Dr. Terveen, and Transparence provided the expert declaration of Dr. Scott Schaefer. On the day of the parties' P.R. 4-3 filing, however, Transparence objected to Samsung adding yet another late-disclosed indefiniteness argument, adding the "conten[tion] (for the first time) that 'display[ing] the notification adjacent to a cursor' in the '329 Patent is indefinite as to adjacent," which "was not identified in the indefiniteness section of Samsung's Rule 3-3 invalidity contentions." Dkt. 48-8 at 8-9; Dkt. 44-1 at 12 n.1. Transparence requested a meet and confer and notified Samsung of its intent to move to strike.[2] Days later, on January 17, 2026, Samsung contended that Transparence's expert "improperly" offered "numerous constructions," contending that Dr. Schaefer offered "alternative construction[s]" over the plain and ordinary meaning. Dkt. 48-8 at 5. During the parties' January 21 meet and confer about this issue, Transparence explained that Dr. Schaefer offered opinions in opposition to Samsung's positions under P.R. 4-3 and that the "alternative construction[s]" were simply how a person of ordinary skill in the art (POSITA) would understand the plain and ordinary meaning and that the proposed terms were not indefinite. Decl. ¶ 4.

Two weeks after this meet-and-confer, Samsung complained *for the first time* that Transparence did not identify Dr. Schaefer in Transparence's P.R. 4-2 disclosures. Dkt. 48-8 at 4. Samsung said it would "promptly" move to strike. *Id.* It did not. Instead, after another week, Samsung told Transparence—for the first time—that Samsung also wanted to strike three dictionary definitions that Transparence disclosed according to P.R. 4-3. Dkt. 48-8 at 2. Only

---

[2] Samsung agreed to drop this term rather than amend its P.R. 3-3 contentions.

then—after weeks of delay and just one week before Transparence's opening claim construction brief was due—did Samsung finally file this motion on February 13, 2026.

## II.    ARGUMENT

Transparence fully complied with this Court's Patent Rules. Samsung cannot meet its burden to show otherwise and cannot justify its motion to strike. *Parthenon Unified Memory Architecture LLC v. HTC Corp.*, No. 2:14-CV-690-RSP, 2015 WL 11117317, at *1 (E.D. Tex. June 4, 2015) ("[T]he burden is on a party moving to strike to show that the producing party has failed to meet that standard."). First, Transparence timely disclosed the opinions of Dr. Schaefer by the P.R. 4-3 deadline—an expert declaration that Samsung *knew* was forthcoming after P.R. 4-2 disclosures. Second, Dr. Schaefer does not introduce new alternative constructions but rebuts Samsung's (incorrect) proposed constructions and anticipated indefiniteness arguments. Third, Transparence timely provided three additional dictionary definitions to oppose Samsung's arguments. Samsung's scattershot and cursory arguments to the contrary are belied by the record and lack any support.

### A.    The Patent Local Rules are clear—rebuttal evidence is disclosed at P.R. 4-3, not P.R. 4-2.

Patent Local Rule 4-2(b) provides that at the same time:

> the parties exchange their respective "Preliminary Claim Constructions," they shall each also *provide a preliminary identification of extrinsic evidence*, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient *and expert witnesses they contend support their respective claim constructions* or indefiniteness positions.

P.R. 4-2(b) (emphasis added). By its plain language, this rule only requires disclosure of evidence the party contends supports its claim constructions. It says nothing about rebuttal evidence. For good reason. A party cannot rebut an argument it doesn't know is being made. That is why Patent Local Rule 4-3(a)(2) allows for disclosure of "any *extrinsic evidence* known to the party on which

it intends to rely either to support its position or ***to oppose** **any other party's position, including***, but not limited to, as permitted by law, ***dictionary definitions***, citations to learned treatises and prior art, ***and testimony of percipient and expert witnesses.***" P.R. 4-3(a)(2) (emphasis added). There is no dispute that Transparence complied with the rules as written. Transparence even explained these rules to Samsung multiple times before this motion was filed, but Samsung refused to believe it and filed anyway.

**B.     Transparence complied with P.R. 4-3 by disclosing Dr. Schaefer's declaration.**

Transparence disclosed the opinions of its expert as required by P.R. 4-3. Full stop. Samsung does not and cannot contest this. *See* Dkt. 48 at 1 (stating that Transparence "served an expert declaration from Dr. Scott Schaefer" on the deadline to do so under P.R. 4-3). Now, Samsung seeks the extraordinary remedy of striking Transparence's expert declaration in full. Dkt. 48 at 2. There is **no** basis for this request.

"The purpose of Patent Rule 4 is to encourage open and candid discussions, from both sides, in order to streamline issues for claim construction." *Fractus, S.A. v. AT&T Mobility LLC*, No. 2:18-CV-00135-JRG, 2019 WL 5373021, at *3 (E.D. Tex. Mar. 19, 2019). Tellingly, Samsung does not cite or even acknowledge the plain language of P.R. 4-3: "Each party shall also simultaneously ***serve a disclosure of expert testimony*** . . . for any expert on which it intends to rely . . . ***to oppose*** any other party's proposed claim construction or indefiniteness position." (emphasis added). "The purposes of Patent Rule 4–3(b) is to ensure that each party makes a substantive and informative disclosure of any intended sworn declaration which they may seek to rely upon in their claim construction briefing." *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-CV-90-JRG, 2013 WL 6442185, at *2 (E.D. Tex. Mar. 12, 2013). Samsung cannot credibly contend anything otherwise occurred here.

At all times, as required by the Patent Rules, Samsung was well aware that Transparence would rely on an expert to oppose Samsung's claim construction and indefiniteness arguments. If Samsung intended to introduce expert testimony, Transparence would introduce expert testimony. Dkt. 48-2 at 34 (stating that Transparence would introduce expert testimony "based on Defendants' proposed constructions" or "in rebuttal, if Defendants' P.R. 4-2 disclosures state the Defendants intend to rely on expert testimony to support their proposed constructions"). Samsung stated it would rely on expert testimony. Dkt. 48-5 at 2 ("Samsung intends to rely on a sworn declaration from Dr. Loren Terveen to support its positions."). Transparence thus notified Samsung in Transparence's P.R. 4-2 disclosure that it would provide an expert declaration under P.R. 4-3 in opposition to Samsung's positions. Indeed, as Samsung proposed and Transparence agreed, the parties spent the lead time up to the P.R. 4-3 disclosures "focusing our energy on narrowing the scope of the expert reports." Dkt. 48-8 at 17. Samsung also stated in that same email that "the parties' expert declarations are due" on January 9, the deadline for P.R. 4-3. *Id.*

Samsung now acts like it was blindsided by Transparence's 4-3 declaration. Far from it. Samsung itself proposed that the parties exchange a list of terms their experts would discuss in their 4-3 declarations:

| | |
|---|---|
| From: | Nasseri, Cyrus <CNasseri@cov.com> |
| Sent: | Saturday, January 3, 2026 6:04 PM |
| To: | Miranda Campbell Kerrigan; Trevor Nystrom; Flynn, Patrick N; Rainey, Richard; Collins, Kevin; Bieluch, Brian; 'Nicole Winningham'; Morey, Mike |
| Cc: | Andrea Fair; Shawn Blackburn; Ryan Caughey; Michael Brightman; Robert Greenfeld; Rachel Hanna; Lisa Cavazos |
| Subject: | RE: Transparence v. Samsung - Document Requests |

EXTERNAL Email
Counsel,

In the interest of efficiency, we propose that the parties exchange, by noon CST / 1 p.m. ET on Monday, January 5, a list of terms that they intend to include in the expert declaration due on January 9. This would be without prejudice to the right of either party to add or remove a small number of terms, in which case such party must endeavor to inform the other as soon as practicable and in any event by no later than noon CST / 1 p.m. ET on Thursday, January 8.

Ex. A at 1 (highlighting added).

Prior to the P.R. 4-3 deadline, Samsung knew Transperance would rely on an expert declaration and knew the exact terms that Transperance's expert would opine on to oppose Samsung's arguments:



| From: | Miranda Campbell Kerrigan |
| Sent: | Tuesday, January 6, 2026 8:00 AM |
| To: | Mojibi, Ali; Nasseri, Cyrus; Samsung-Transperance; Nicole Winningham; Trevor Nystrom; Shawn Blackburn; Michael Brightman; Ryan Caughey; Robert Greenfeld; Andrea Fair |
| Cc: | Tom Gorham; Melissa Smith; Diana Arias; Travis Underwood; Rachel Hanna; Lisa Cavazos |
| Subject: | RE: Transperance v. Samsung- 4-2 Meet and Confer |

Counsel,

Transperance identifies the following terms it intends to include in its expert claim construction report. Consistent with Samsung's proposal, Transperance reserves the right to include additional terms in its expert report, including terms Samsung identifies in its list. We also note that Samsung is still submitting too many terms for construction and needs to reduce the number of terms for construction further.

Ex. B at 1-2.

Transperance provided that expert's declaration **in full** as required by the P.R. 4-3 deadline. Dkt. 48-7. There is no doubt that Transperance was "open and candid" "to streamline issues for claim construction." *Fractus*, 2019 WL 5373021, at *3.

Samsung's attempt to "prohibit Transperance from relying on Dr. Schaefer's declaration" in full, Dkt. 48 at 10, is baseless. Other than generally citing the purpose of this Court's Patent Rules, Samsung cites three cases to prop up its arguments. Dkt. 48 at 8-9. All fall flat. Samsung's first case, *Phoenix Licensing, L.L.C. v. AAA Life Ins. Co.*, does not support its motion. No. 2:13-CV-1081-JRG-RSP, 2015 WL 11110605, at *1 (E.D. Tex. Apr. 7, 2015). There, the defendants "produc[ed their] declaration for the first time only with the filing of their responsive claim construction brief." *Phoenix Licensing, L.L.C. v. AAA Life Ins. Co.*, No. 2:13-CV-1081-JRG-RSP (E.D. Tex. Mar. 23, 2015), Dkt. 418 at 1 (plaintiff's opening brief). Prior to the claim construction

briefing, the defendants only "generically reference[d] the need for an expert." *Phoenix Licensing*, 2015 WL 11110605, at *1. But here, Transparence complied with both the spirit and the letter of the patent rules—providing its full expert declaration by the P.R. 4-3 deadline.

Samsung's second case, *Advanced Mktg. Sys., LLC v. CVS Pharmacy, Inc.*, is inapposite for the same reason. The plaintiff there failed to disclose its expert testimony prior to "its Opening Claim Construction Brief." No. 6:15-CV-134-JRG-KNM, 2016 WL 1741396, at *6 (E.D. Tex. May 3, 2016). Indeed, the plaintiff failed to disclose its intent "to rely on a sworn declaration; identify the declarant; and identify the precise disputed claim terms which [would] be addressed" in its P.R. 4-3 disclosures. *Id.* (citation omitted). Transparence disclosed all of this.[3]

Samsung's third case, *Innovative Display Technologies LLC v. Acer Inc.*, is similarly misapplied. There, again, "[n]either the identity of [the expert] nor the subject of his declaration had been disclosed to Defendants before the filing of Plaintiff's opening claim construction brief." *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-CV-00522-JRG, 2014 WL 3402529, at *1 (E.D. Tex. July 11, 2014). Unlike in *Innovative Display*, here, there is no basis to say Transparence "failed to satisfy this disclosure requirement under Patent Rule 4–3." *Id.*[4]

---

[3] The three cases Samsung cites issued prior to the amendment to P.R. 4-3 in 2018. "Patent Rule 4-3 was amended to clarify that the rule 'requires a complete statement of all opinions the witness will express and the basis and reasons for them, as well as the facts or data considered by the witness in forming them.'" *Fractus, S.A.*, 2019 WL 5373021, at *1. Again, Transparence fully complied with this requirement.

[4] This case is further unlike *Innovative Display* as the defendants there "elected not to rely on expert witnesses on" on indefiniteness. 2014 WL 3402529, at *2. Plaintiff's expert declaration was thus "neither necessary nor required" and did not serve to rebut any of defendant's (non-existent) expert reports. *Id.* Here, however, Samsung has relied on an expert for claim construction and indefiniteness. Dr. Schaefer's report is submitted in opposition to that testimony.

### C.     An expert explaining Samsung's arguments are wrong is not a new construction.

Samsung contends that Transparence "has offered claim constructions via the declaration of Dr. Schaefer." Dkt. 48 at 9. This is simply untrue. As Transparence has explained to Samsung repeatedly, Transparence still contends and always has contended that these terms should be given their plain and ordinary meaning and that no additional construction is needed. Samsung does not explain how any of the extrinsic evidence it seeks to strike amounts to impermissible new constructions. *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) ("Where analysis is so deficient, this court has considered the issue waived for inadequate briefing."). Even so, it is entirely appropriate for Dr. Schaefer to rebut Samsung's proposed constructions and indefiniteness arguments (including on how a POSITA would understand the meaning of a term's plain and ordinary meaning in doing so). *Accord Salazar v. AT&T Mobility LLC*, No. 2:20-CV-00004-JRG, 2021 WL 11703427, at *2 (E.D. Tex. July 28, 2021) ("[Experts are] free to opine as to the plain and ordinary meaning of the term as known within the art to a person of ordinary skill."); *Headwater Rsch. LLC v. AT&T Inc.*, No. 2:23-CV-397-JRG-RSP, 2025 WL 3030762, at *3 (E.D. Tex. July 11, 2025), *report and recommendation adopted,* 2025 WL 3028536 (E.D. Tex. Oct. 29, 2025) (noting experts are free to opine what meaning is given to the plain and ordinary meaning of a term). What Samsung decries as "seven new claim constructions," Dkt. 48 at 9, are far from it.

It is routine for experts to opine on how a POSITA would understand the plain and ordinary meaning of a term during claim construction or to opine that a term is not indefinite. **That does not make it an alternative or affirmative proposed claim construction**. For example, in *Longitude Licensing Ltd. v. BOE Tech. Grp. Co.*, this Court considered how an expert defined a term that a party proposed should be given its plain and ordinary meaning: "[Plaintiff] argues 'a

projecting portion' should be given its plain and ordinary meaning, which its expert . . . defines as a 'protruding portion.'" No. 2:23-cv-00515-JRG-RSP, 2025 WL 3500678, at *9 (E.D. Tex. Feb. 4, 2025).

Samsung's assertion that Dr. Schaefer offers "new constructions" mischaracterizes his report. He does not propose new alternative constructions; instead, he explains why Samsung's indefiniteness and construction arguments are incorrect (including by setting forth the plain and ordinary meaning of the terms as a POSITA would understand them):

1. "**[A] POSITA would certainly understand** with more than the reasonable certainty required what 'adjacent' means as used in this term. **The plain meaning of the word adjacent is clear**. It means 'not distant from or near.'" Dkt. 48-7 ¶ 26 (emphasis added).

2. "**I disagree with [Samsung's] construction** because **it is contrary to the plain and ordinary meaning** of 'cursor,' which **a POSITA would understand** to be the site of user input." *Id.* ¶ 78 (emphasis added).

3. "**[A] POSITA would know that the plain and ordinary meaning of 'menu'** is 'a list of options from which a user can make a selection in order to perform a desired action.'"
…
"I disagree with Samsung's proposed construction." *Id.*  ¶¶ 86, 88 (emphasis added).

4. "**I do not think that 'configured for launching' is indefinite**. . . . [O]ne meaning of 'launching' an application is starting or opening the application that appears in application menu 500." *Id.* ¶ 43 (emphasis added).

5. "'[O]ne or more application associated with the application management item' may be defined as 'one or more application *connected with* the application management item.' **There is nothing indefinite about this definition**." *Id.* ¶ 41 (emphasis added).

6. "**I understand that Samsung contends the term** 'dynamically updating the one or more applications' in Claim 10 of the '079 Patent **is indefinite. I disagree. If asked to define this term**, I would define it as 'updating one or more applications in the background of a user's device.'" *Id.* ¶¶ 52-53 (emphasis added).

7. "**[I]t appears that Samsung is asserting that these terms are indefinite** because they do not specify who or what is performing the 'associating.'
…
"[T]he claim, 'associating the authentication requirements for the plurality of applications that provide messages with a single login credential,' also should not be limited by who or what is performing the 'associating.'" *Id.* ¶¶ 62-63 (emphasis added).

There is nothing improper about the above opinions of Dr. Schaefer. *See Longitude Licensing*, 2025 WL 3500678, at *9. Moreover, Samsung was fully aware that Transparence's expert would opine on these terms in opposition to Samsung's proposed constructions and indefiniteness arguments. Ex. B at 1 ("Transparence identifies the following terms it intends to include in its expert claim construction report" to be served at the P.R. 4-3 disclosures).

Even so, "[a] party whose expert's opinions place a subject at issue cannot claim surprise or prejudice when an opposing expert responds to those opinions." *Fractus*, 2019 WL 5373021, at *2 (E.D. Tex. Mar. 19, 2019). It wasn't until the P.R. 4-2 disclosures that Samsung "place[d] a subject at issue," namely what Samsung's constructions were or whether they were arguing indefiniteness. Of course, Transparence's expert would oppose these arguments.

### D.    Additional disclosed dictionary definitions.

Samsung asserts that Transparence improperly "identified other new extrinsic evidence in the JCCS" by providing three dictionary definitions in Transparence's portion of the Joint Claim Construction Chart. Dkt. 48 at 7. Again, Samsung entirely ignores the distinction between P.R. 4-2 and P.R. 4-3. Transparence provided a "*preliminary* identification of extrinsic evidence" it "contend[ed] *support[ed]*" its position under P.R. 4-2(b). P.R. 4-2(b) (emphasis added). Then Transparence provided "an identification of any extrinsic evidence known to the party on which it *intends to rely* either *to support* its position or *to oppose* any other party's position," including "dictionary definitions" under P.R. 4-3(a)(2). P.R. 4-3(a)(2) (emphasis added).

In Samsung's P.R. 4-2 disclosure, for Claims 1 and 7 of the '329 Patent, Samsung proposed a lengthy construction of "menu": a "cursor-based menu that serves as the centralized manager for applications, application event notifications, application login/access/authentication, and finding capabilities." Dkt. 48-5 at 13. In response (i.e., ***in opposition***) to Samsung's convoluted construction, Transparence timely identified the definitions of "menu" from the Merriam-Webster

Dictionary and Microsoft Press Computer Dictionary. Dkt. 44-1 at 8. Again, in opposition to Samsung's arguments that Claims 1 and 18 of the '079 Patent are indefinite, Transparence identified the Merriam-Webster definition of "associate" to contradict Samsung's position. Dkt. 44-1 at 4. After reviewing Samsung's P.R. 4-2 disclosures, and as the rules require, Transparence provided these definitions by the P.R. 4-3 disclosure deadline. *See Parthenon*, 2015 WL 11117317, at *1 ("To put it succinctly: this Court expects diligence and reasonable foresight in identifying extrinsic evidence, but cannot expect clairvoyance.").[5]

Samsung also contests the inclusion of two of these definitions in Dr. Schaefer's declaration. Dkt. 48 at 8-9. In response to Samsung's proposed construction of "menu," Dr. Schaefer considered the Microsoft Press Computer Dictionary's definition of menu, which is "a list of options from which a user can make a selection" to show "Samsung's construction plainly imports limitations." Dkt. 48-7 ¶ 86. Further, Dr. Schaefer relied on the Merriam-Webster Dictionary definition of associate to show "[t]here is nothing indefinite about this definition." Dkt. 48-7 ¶ 41. It is routine for experts to opine on the "generally understood meanings in the art [that] are consistent with non-technical dictionary definitions such as Merriam Webster's definition." *Longitude Licensing*, 2025 WL 3500678, at *9. Again, there is nothing improper here.

### E.     There is no prejudice to Samsung.

If the Court nonetheless considers Transparence's disclosures untimely under the Patent Rules, there is good cause to permit the disclosures at issue. Good cause is evaluated under the following factors: (1) the explanation for the failure to meet the deadline; (2) the importance of the

---

[5] Samsung's expert did not consider ***any*** extrinsic evidence identified in Transparence's P.R. 4-2 disclosures. *Compare* Dkt. 48-6 App'x. B, *with* Dkt. 48-2 at 3-35. Samsung fails to explain how "the new dictionary definitions for 'menu' and 'associated with'" are prejudicial when Samsung's expert did not consider any dictionary definitions offered by Transparence in its P.R. 4-2 disclosures. Dkt. 48 at 9.

thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Am. Pats. v. Coolpad Grp. Ltd.*, No. 4:19-CV-877, 2020 WL 5534482, at *4 (E.D. Tex. Sept. 15, 2020).

These factors weigh heavily against exclusion. Dr. Schaefer's declaration was disclosed in full by the P.R. 4-3 deadline on January 9, 2026. *See* Dkt. 30 at 6. Additionally, Transparence identified the three additional dictionaries by the same deadline as well. Denying the motion to strike requires no continuance (Samsung has not asked for one). Transparence would be prejudiced by the exclusion of Dr. Schaefer's declaration and the three dictionary definitions. Samsung brought this motion over **a month** after Transparence served Dr. Schaefer's declaration and its P.R. 4-3 disclosures and Transparence has already filed its opening claim construction brief. Dkt. 51.

There is **no** prejudice to Samsung here. "Particularly where disclosure of such evidence occurs before the P.R. 4-4 claim construction discovery deadline, as is the case here, it is unlikely that a party could credibly claim prejudice. [Samsung] would, in effect, have [Transparence's] expert foresee their expert's rebuttal and address it in advance as part of [Transparence's] initial disclosures. Such is not a reasonable application of the rule." *Fractus*, 2019 WL 5373021, at *2. This Court has even allowed plaintiffs to "produce extrinsic evidence in its reply claim construction brief to respond to an argument presented for the first time in a party's responsive claim construction brief." *Parthenon*, 2015 WL 11117317, at *1.

Samsung's actions only confirm there is no prejudice. Samsung had ample time to cure even if there was prejudice. Samsung had an entire month before the close of claim construction discovery to seek the deposition of Dr. Schaefer. Samsung chose not to do so. Nor did Samsung

seek to depose Dr. Schaefer after claim construction discovery closed. Tellingly, Samsung could have simply sought to amend its expert declaration before claim construction briefing; it did not do so.[6]

Samsung's own case law belies its feigned prejudice. Samsung was "accorded ample opportunity to depose this expert before the commencement of claim construction briefing process." *Phoenix Licensing*, 2015 WL 11110605, at *2. But Samsung seeks to bar Dr. Schaefer's declaration in full. This is blatant (and desperate) gamesmanship. "In the circumstances of the present case, the Court need not parse the adequacy of [Plaintiff's] portions of the P.R. 4-3 statement because [Defendant] has not demonstrated any significant unfair prejudice." *Fundamental Innovation Sys. Int'l LLC v. Samsung Elecs. Co.*, No. 2:17-CV-145-JRG-RSP, 2018 WL 647734, at *6 (E.D. Tex. Jan. 31, 2018) (denying motion to exclude a party's claim construction expert where fulsome disclosures were provided shortly *after* the P.R. 4-3 deadline and one month before claim construction briefing).

***

The Court should deny Samsung's motion to strike.

---

[6] Even if it did, any request to supplement should be denied. *Cf. Firtiva Corp. v. Funimation Glob. Grp., LLC*, No. 2:21-cv-00111-JRG-RSP, 2022 WL 1645086, at *2 (E.D. Tex. May 24, 2022) (striking improper rebuttal report attempting to respond to "new claim construction" where the "alleged new 'claim construction positions' are [the expert] opining about the plain and ordinary meaning of the terms . . . .").

Dated: February 27, 2026

Respectfully submitted,

*/s/ Shawn Blackburn*
Shawn Blackburn
Texas State Bar No. 24089989
sblackburn@susmangodfrey.com
Ryan Caughey
Texas State Bar No. 24080827
rcaughey@susmangodfrey.com
Michael B. Brightman
Texas State Bar No. 24106660
mbrightman@susmangodfrey.com
Miranda Campbell Kerrigan
D.C. Bar Number 90031952
mkerrigan@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Trevor D. Nystrom
Washington State Bar No. 62133
tnystrom@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union St., Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Robert Greenfeld
New York State Bar No. 2824811
rgreenfeld@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West
395 Ninth Avenue, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Andrea L. Fair
Texas State Bar No. 24078488
andrea@millerfairhenry.com
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604

Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
*Transparence, LLC*

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served this 27th day of February 2026, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Shawn Blackburn*
Shawn Blackburn