**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **TRANSPARENCE, LLC**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,**<br><br>**Defendants.** | **Civil Action No. 2:24-cv-00910**<br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO SAMSUNG'S MOTION TO EXCLUDE OPINIONS OF CHARLES MAURO**

[redacted]

## TABLE OF CONTENTS


I. INTRODUCTION ....................................................................................................1

II. ARGUMENT ..........................................................................................................2

A. Samsung raises only "cross-examination" challenges to the percentage-feature apportionment. .............................................................2

B. Samsung misunderstands, misrepresents Mauro's per-device apportionment. ..........................................................................................3

C. Samsung has no answer for Transparence's response on Rule 37..........................................................................................................5

D. Mauro amply supports his "app ecosystem" opinions. ...............................5

III. CONCLUSION .......................................................................................................5

[redacted]

## Table of Authorities

### Cases

*Finjan, Inc. v. Blue Coat Systems, Inc.*,
879 F.3d 1299 (Fed. Cir. 2018) ..... 1, 3

*Mobile Equity Corp. v. Walmart*,
2022 WL 19917855 (E.D. Tex. Sept. 23, 2022) ..... 5

*Paltalk v. Cisco Systems*,
2025 WL 2581690 (W.D. Tex. Aug. 27, 2025) ..... 1

*PerdiemCo, LLC. v. Industrack LLC*,
2016 WL 8135383 (E.D. Tex. Oct. 25, 2016) ..... 5

*Personalized Media Communications v. Apple, Inc.*,
2021 WL 662238 (E.D. Tex. Feb. 20, 2021) ..... 3

*Summit 6, LLC v. Samsung Electronics*,
802 F.3d 1283 (Fed. Cir. 2015) ..... 1, 2, 4

### Rules

Fed. R. Civ. P. 37 ..... 1, 5

Fed. R. Evid. 702 ..... 4, 5

[redacted]

## I. INTRODUCTION

A reply brief's single purpose is to distinguish the authorities an adversary cites in its opposition brief. In typical *Daubert* briefing, the opposition provides authority defending the expert (as Transparence did here), and the reply tries to refute that authority. But Samsung's Reply does not do that at all.

Transparence's Opposition explained, for example, that *Summit 6, LLC v. Samsung Electronics*, 802 F.3d 1283 (Fed. Cir. 2015), supports reliance on a survey for qualitative apportionment; that *Finjan, Inc. v. Blue Coat Systems, Inc.*, 879 F.3d 1299 (Fed. Cir. 2018), affirmed the admissibility of a qualitative apportionment giving all features equal weight; and that *Paltalk v. Cisco Systems*, 2025 WL 2581690 (W.D. Tex. Aug. 27, 2025), rejected a challenge to a qualitative feature-percentage apportionment. *i4i Limited Partnership*, *Personalized Media Communications*, and *Anonymous Media Research* (among other authorities) also support the admissibility of Mauro's apportionments. Samsung's Reply does not mention any of these cases. And with good reason—Samsung has *no authority* supporting exclusion of Mauro's opinions.

Percentage-feature apportionment. Samsung quibbles with Mauro's interpretation of its documents and his apportionment percentages. But Samsung's cannot muster any challenge to Mauro's KLM-based method, which uses a quantitative baseline to derive relative value of accused functionalities—an approach supported by Federal Circuit caselaw. *Summit 6*, 802 F.3d at 1298.

Per-device apportionment. Samsung misunderstands Mauro. He calculates time savings using KLM and then uses academic literature and statistical studies to determine their value to consumers. That calculation translates directly into a dollar value for the accused functionalities. Samsung's "actual usage" criticism is accounted for by Dr. Vanderhart's analysis.

Rule 37. Transparence's Opposition established that Samsung could not obtain Rule 37 relief without moving to compel complete interrogatory responses. *See* Opp. at 12-14. Samsung

[redacted]

does not address that rule or offer a substantive prejudice argument. Samsung deposed Mauro, served a responsive expert report, moved to exclude him, and can cross-examine him at trial.

"App ecosystem." Mauro explains at length how the accused notification functionalities unlock value from Samsung's app ecosystem.

## II. ARGUMENT

### A. Samsung raises only "cross-examination" challenges to the percentage-feature apportionment.

[redacted] In its Reply, Samsung renews its objection to Mauro's use of a Samsung survey to derive a [redacted] GUI apportionment. Transparence's Opposition explained that (1) under Federal Circuit authority (*Summit 6*), an adversary's survey is "sufficient facts and data" to satisfy Rule 702(b); (2) Mauro "calculated" the [redacted] "by [redacted]"; and (3) he explained his logic in deposition. Opp. at 4.

Samsung disputes how Mauro uses [redacted] to derive the [redacted] GUI figure but does not contest his math or that he disclosed and explained his reasoning. Contra Samsung's argument, it is proper for an expert to rely on an opposing party's survey to apportion the value of the accused functionalities. *See, e.g.*, *Summit 6*, 802 F.3d at 1294-98. Samsung may interpret [redacted] differently, but a disagreement over a document's interpretation is a matter for cross-examination.

Samsung particularly challenges Mauro's inference that [redacted] reflect consumer preferences about GUI. Reply at 3. But Mauro explains why, in light of his expertise and the survey's specific features, the inference is reasonable. Ex. 1 at 39-41.[1] The GUI is how users experience [redacted]. *See id.*

[1]Citations to exhibit numbers refer to the exhibits attached to Transparence's Opposition.

[redacted]

Percentage assignment. Samsung reiterates its argument that Mauro does not "explain" how he assigns percentages to accused functionalities. Reply at 3. Samsung's Reply does nothing more than paraphrase its Motion without addressing the authorities supporting Mauro's approach.

*First*, Samsung's showcase argument in its Motion was that KLM analysis was not well accepted. Transparence's Opposition eviscerated that argument: it explained the academic underpinnings of the empirical KLM analysis and noted that Samsung has offered its own competing KLM analysis. Samsung's Reply does not mention any KLM challenge.

*Second*, Samsung does not engage with the authorities supporting Mauro's approach. Transparence's Opposition pointed to *Finjan*, 879 F.3d at 1312-13, where the Federal Circuit affirmed the admissibility of a qualitative apportionment giving equal weight to features. Opp. at 7. Samsung has no response. Transparence also pointed to *Personalized Media Communications v. Apple, Inc.*, 2021 WL 662238, at *4 (E.D. Tex. Feb. 20, 2021), which supports the proposition that experts have wide latitude to address apportionment. Again, silence from Samsung.

*Third*, Samsung does not defend its own authorities. Transparence's Opposition explained that *LaserDynamics* and *Exmark* both "involved opinions that measured nothing." Opp. at 8. Samsung does not try to resuscitate either case.

*Fourth*, Mauro's analysis is conventional. He began with a KLM analysis and then, based on Samsung documents, academic sources, and his expertise, identified the relative contributions of various features. *See* Opp. at 7-8. This record-grounded quantitative-qualitative approach has been blessed by other courts and is admissible here. *See, e.g.*, Opp. at 3-7 (citing cases).

**B. Samsung misunderstands, misrepresents Mauro's per-device apportionment.**

Samsung's misplaced "actual usage" criticism. Samsung asserts that Mauro does not account for actual usage but instead "assumes" that a user "uses the accused combination 'six times per active day.'" Reply at 4. That description is inaccurate.

[redacted]

Mauro first used KLM analysis to quantify the time savings attributable to the patented invention on a per-interaction basis. Ex. 1 at 58-61. To estimate the accused functionality's value to consumers, he translated those savings into the approximate value consumers place on time by identifying how often a typical consumer manually logs into an app each day (the canonical study reports six) and the time saved by avoiding those log-ins. *See id.* The analysis need not use actual Samsung login data (which Samsung did not produce) because it estimates how a hypothetical consumer would value the claimed invention. Using KLM outputs and unchallenged data about consumers' time valuation, Mauro translated the six-interactions-per-day into a dollar value for the calculated savings. *See id.* This empirical, quantitative approach is logically sound. *See Summit 6*, 802 F.3d at 1298 (accepting opinion that involved a "correlation of use with value").

Samsung's "actual usage" criticism is misplaced for two more reasons. *First*, Mauro applies per-device value *only* to consumers who actually use Samsung Pass, so the apportionment is targeted to the actual time savings of Samsung Pass users. *Second*, Dr. Vanderhart applied a usage adjustment, so the apportionment *was* adjusted for actual usage, just not by Mauro.

<u>Samsung's misplaced "percentage" criticism.</u> Samsung's second critique likewise misrepresents Mauro's work. Samsung says, for example, that a "15% time reduction is not a 15% value reduction." Reply at 4. But Mauro does not say that. He identifies quantified time savings and explains—using hard data—how consumers value those savings. There is no "percentage" opinion; his work instead does what Rule 702 and apportionment law require: value the accused functionalities (as opposed to non-accused functionalities). If Samsung prefers a "percentage" approach, it should look to Mauro's other percentage-feature apportionment.

[redacted]

**C. Samsung has no answer for Transparence's response on Rule 37.**

Transparence's Opposition cited authority for the well-established rule that a motion to compel is a prerequisite to a Rule 37 challenge to a deficient interrogatory response. Opp. at 12-14. Samsung did not file a motion to compel and does not identify any exception to the rule.

Samsung tries to distinguish *PerdiemCo* and *Mobile Equity Corp. v. Walmart*, 2022 WL 19917855, at *2 (E.D. Tex. Sept. 23, 2022), but does not engage with the motion-to-compel rule enunciated in both cases. In *PerdiemCo*, the Court stated that opinions "should not be struck" because "[if] Perdiem took issue with … interrogatory responses … the *appropriate remedy was to file a motion to compel a response*." *PerdiemCo, LLC. v. Industrack LLC*, 2016 WL 8135383, at *2 (E.D. Tex. Oct. 25, 2016) (emphasis added). As in *PerdiemCo*, Samsung had Transparence's expert opinions "prior to the close of expert discovery." *See id.* In *Mobile Equity*, the Court acknowledged that it "has consistently stated that the *appropriate remedy for an allegedly deficient interrogatory response is not to exclude an expert's opinions, but rather to file a motion to compel*." 2022 WL 19917855, at *2 (emphasis added).[2]

**D. Mauro amply supports his "app ecosystem" opinions.**

Samsung argues that Mauro's "app ecosystem" opinions—which make the intuitive point that the accused notifications functionality drives app ecosystem revenue (i.e., people spend more money in apps that send notifications)—lack "evidentiary foundation." Reply at 5. But Mauro's report cites record evidence and other literature explaining in detail how the app ecosystem connects to the accused notifications functionality. The opinions far surpass Rule 702's bar.

## III. CONCLUSION

The Court should deny Samsung's motion to exclude.

[2] Samsung also has not shown prejudice or any deficiency. *See* Opp. at 12-13.

[redacted]

Dated: August 25, 2026

Respectfully submitted,

*/s/ Shawn Blackburn*
Shawn Blackburn
Texas State Bar No. 24089989
sblackburn@susmangodfrey.com
Ryan Caughey
Texas State Bar No. 24080827
rcaughey@susmangodfrey.com
Michael B. Brightman
Texas State Bar No. 24106660
mbrightman@susmangodfrey.com
Miranda Campbell Kerrigan
Texas State Bar No. 24151205
D.C. Bar No. 90031952
mkerrigan@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Trevor D. Nystrom
Washington State Bar No. 62133
tnystrom@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union St., Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Andrea L. Fair
Texas State Bar No. 24078488
andrea@millerfairhenry.com
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
*Transparence, LLC*

[redacted]

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served this 25th day of August 2026, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Miranda Campbell Kerrigan*

Miranda Campbell Kerrigan

[redacted]