**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TRANSPARENCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:24-CV-910-RWS |

**ORDER**

The above-captioned case was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636(b)(1). On April 29, 2026, the Court entered an order vacating the referral to the magistrate judge. Docket No. 79. Before the Court are Plaintiff Transparence, LLC's Objections to Magistrate Judge's Claim Construction Order (Docket No. 74) and Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.'s Objections to Claim Construction Order and Accompanying Order on Motion to Strike (DKT. 68) (Docket No. 75).

**BACKGROUND**

On April 6, 2026, Magistrate Judge Payne entered a claim construction order (Docket No. 68) following a *Markman* hearing he conducted with the parties on March 31, 2065 (Docket Nos. 65, 70). Following the magistrate judge's entry of the claim construction order, on April 20, 2026, Plaintiff filed objections to the magistrate judge's claim construction order (Docket No. 74), and Defendants have responded (Docket No. 85), Defendants also filed objections to the magistrate judge's claim construction order (Docket No. 75), and Plaintiff has responded (Docket No. 81).

Plaintiff argues in its objections that the magistrate judge erred by: (1) construing "regardless of a computer environment context" from Claims 1 and 7 of U.S. Patent No. 9,235,329

(“ ’329 Patent”) as “regardless of which applications are currently running and regardless of the location of a cursor,” because the claim teaches away from this construction and does not refer to a cursor or its location; (2) construing “cursor” from Claim 2 of the same patent as “an indicator, on a display screen, that can be moved by using an input device,” because the patent does not impose a visibility requirement; (3) construing “persistent application management item(s)” from Claims 1–4 and 18 of U.S. Patent 8,418,079 (“ ’079 Patent”) as “application management items that do not depend on which applications are running and do not depend on the location of a cursor,” because this improperly imports a “cursor” limitation; (4) construing “persistent application item(s)” from Claims 2, 5, and 6 of the same patent as “application items that do not depend on which applications are running and do not depend on the location of a cursor,” because this improperly imports a “cursor” limitation; and (5) construing “dynamically updating the one or more application items” from Claim 10 of the same patent as indefinite because the Court improperly analogized this case to *Bushnell Hawthorne, LLC v. Cisco Sys., Inc.*, 813 F. App’x 522 (Fed. Cir. May 14, 2020). Docket No. 74 at 1–5.

Defendants argue in their objections that the magistrate judge erred by: (1) construing “generating a graphical user interface adjacent to a cursor in response to the input received” and “generating a graphical user interface adjacent to a cursor in response to the input” from Claims 1 and 18 of the ’079 Patent with its plain and ordinary meaning because a POSITA would not understand the meaning of “adjacent to” with reasonable certainty; (2) omitting “on the display screen” from the construction of “persistent application management item(s)” from Claims 1–4 and 18 of the same patent and “persistent application item(s)” from Claims 2, 5, and 6 of the same patent, and that “currently” before “running” appears to be inadvertently omitted in term 3; (3) giving “application management items are configured for launching one or more application

associated with the application management item" and "the application management items are configured for launching an application associated with the application management item" from Claims 1 and 18 of the same patent its plain and ordinary meaning because the terms are indefinite in failing to clarify the bounds of "configured for launching"; (4) because the Court held "dynamically updating the one or more application items" in Claim 10 of the same patent indefinite, the asserted dependent Claims 11 and 12 are also indefinite; (5) giving "menu" from Claims 1 and 7 from the '329 Patent its plain and ordinary meaning because this is not how a POSITA would have understood the term in the context of the claims and specification; (6) giving "associating the authentication requirements for the plurality of applications that provide messages with a single login credential" and "associate the authentication requirements for the plurality of applications that provide messages with a single login credential" from Claims 1 and 7 of the same patent and "associating, by the processors, the first authentication requirement and the second authentication requirement with a touch-based single manager login credential," "associate the first authentication requirement and the second authentication requirement with a touch-based single manager login credential" and "associating, by one or more processors, the first authentication requirement and the second authentication requirement with a touch-based single manager login credential" from Claims 1–4 of the '580 Patent its plain and ordinary meaning when a POSITA would not understand the claim terms with reasonable certainty; (7) construing "regardless of a computer environment context" from Claims 1 and 7 of the '329 Patent as "regardless of which applications are currently running and regardless of the location of a cursor," because the term should be "regardless of hardware settings, application settings and operating system settings including which applications are running"; (8) giving "displaying the notification adjacent to a cursor" from Claim 2 of the same patent its plain and ordinary meaning because "the

specification fails to provide objective boundaries on the scope of what 'adjacent to' means"; (9) construing "cursor" from Claims 2 and 8 of the same patent and Claims 1, 12, and 18 of the '079 Patent as "an indicator, on a display screen, that can be moved by using an input device," because the order "fails to address the specification's descriptions concerning the type of input devices that can be used to move the cursor on the display screen"; (10) giving "after receiving the single login credential, displaying a menu listing each of the plurality of applications that provide messages" and "after receiving the single login credential, display a menu listing each of the plurality of applications that provide messages" from Claims 1 and 7 of the '329 Patent its plain and ordinary meaning because the term should have required the menu be displayed within a single, unified, persistent interface; (11) giving "single login credential," "single manager login credential," and "touch-based single manager login credential" from Claims 1 and 7 of the same patent and Claims 1–4 of the '580 patent their plain and ordinary meaning because the specification and prosecution history require disavowal and the forgoing teachings that "login credential" does not comprise a user characteristic; (12) giving "displaying, in the application menu and adjacent to the first application item, a new message indicator" and "display, in the application menu and adjacent to the first application item, a new message indicator" from Claims 1–4 of the '580 patent their plain and ordinary meaning because the terms use "adjacent to" and is indefinite; and (13) giving "application menu" from the same patent its plain and ordinary meaning because the specification discloses it as a centralized, cursor-based graphical user interface that is used to manage applications and event notifications. Docket No. 75 at 1–5. Defendants also "object to the extent any constructions are not applied through the Asserted Claims and constructions." *Id.* at 5.

Defendants contend that their motion to strike (Docket No. 48) is not moot.[1] *Id.*

## LEGAL STANDARD

The Court must conduct a *de novo* review of all portions of the magistrate judge's claim construction order that a party properly objects to. *See Info Authentication & Prot. of Tex v. Symantec Corp.*, No. 2:08-CV-484, 2011 WL 13141036, at *1 (E.D. Tex. Apr. 11, 2011) ("Because claim construction is a matter of law, this Court can review the magistrate judge's claim construction *de novo*." (first citing 28 U.S.C. § 636(b); and then citing Fed. R. Civ. P. 72(a)) (other citations omitted)). "As to any portion for which no objection is filed, the Court reviews for clearly erroneous factual findings and conclusions of law. 'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Poe v. Bock*, No. EP-17-CV-00232, 2018 WL 4275839, at *2 (W.D. Tex. Sept. 7, 2018) (first citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); then quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); and then citing *St. Aubin v. Quarterman*, 470 F.3d 1096, 1101 (5th Cir. 2006) ("A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole.") (citation omitted)).

## ANALYSIS

### I. The Magistrate Judge Correctly Construed "Generating a Graphical User Interface Adjacent to a Cursor in Response to the Input Received" and "Generating a

[1] Defendants' Motion to Strike Untimely Expert Testimony, Claim Constructions, and Extrinsic Evidence (Docket No. 48) challenges the declaration of Plaintiff's expert, Dr. Scott Schaefer. *See* Docket No. 51, Ex. 2, Jan. 9, 2026 (Schaefer Dec.). The Court agrees with the magistrate judge that the challenged opinions do not affect the Court's claim construction analysis. Therefore, Defendants' motion to strike is **DENIED-AS-MOOT**.

**Graphical User Interface Adjacent to a Cursor in Response to the Input" From Claims 1 and 18 of the '079 Patent as Having Their Plain and Ordinary Meaning.**

Defendants argue that the claim construction ruling as to the meaning of "adjacent to" did not address the "specification's failure to provide objective boundaries on the distance between the cursor and the graphical user interface." Docket No. 75 at 1. Alternatively, Defendants argue that to the extent the terms are not indefinite, they require the insertion of "whenever the user right clicks in any environment." *Id.*

Defendants' expert, Dr. Loren Terveen, asserts that the word "adjacent" is indefinite because the patent does not instruct "as to what distance between the cursor and the GUI constitutes the GUI being generated 'adjacent to a cursor.' " Docket No. 51-2 (Terveen Dec.) ¶¶ 30–32. Dr. Terveen's view is that "given the space available on the screen of a computer or a mobile device, there are a near-infinite number of options as to where the cursor-based graphical user interface . . . could be displayed in relation to the cursor." *Id.* at ¶ 32.

The Court disagrees and finds Plaintiff's counter to the objection persuasive. As Plaintiff points out, "definiteness does not require 'mathematical precision,' and the record here shows practical, objective understanding." Docket No. 60 at 2; *see Niazi Licensing Corp. v. St. Jude Med. S.C.*, 30 F.4th 1339, 1347 (Fed. Cir. 2022) ("While there must be objective boundaries, we have explained that a patentee need not define his invention with mathematical precision in order to comply with the definiteness requirement. Indeed, patentees often use descriptive words to avoid a strict numerical boundary to the specified parameter.") (citations omitted) (cleaned up). Because "a sound claim construction need not always purge every shred of ambiguity," the meaning of "adjacent" in this context is not indefinite. *See Acumed LLC v. Stryker Corp.*, 483 F.3d 800, 806 (Fed. Cir. 2007) (citations omitted).

Additionally, the Court disagrees with Defendants' alternative construction that the terms require "whenever the user right clicks in any environment." As Plaintiff points out, claim differentiation creates a strong presumption that the disputed term does not require a "right click." *See* Docket No. 60 at 3. "[T]he presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (*en banc*) (citations omitted).

Defendants' argument that "whenever the user right clicks in any environment" is required because this is how the inventor overcame the prior art is not persuasive. The language, which comes from an examiner interview summary, does not "constitute the kind of 'clear and unmistakable disavowal or disclaimer' that is necessary to justify giving claim language a narrower scope than its plain meaning would suggest." *See Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-CV-800-WCB, 2015 WL 3452050, at *3 (E.D. Tex. May 29, 2015); *Sandisk Corp. v. Memorex Products, Inc.*, 415 F.3d 1278, 1287 (Fed. Cir. 2005) ("An ambiguous disclaimer, however, does not advance the patent's notice function or justify public reliance, and the court will not use it to limit a claim term's ordinary meaning. There is no 'clear and unmistakable' disclaimer if a prosecution argument is subject to more than one reasonable interpretation, one which is consistent with a proffered meaning of the disputed term.") (internal citations omitted). The interview summary does not state that a graphical user interface appears adjacent to a cursor ***only*** when the user right clicks.

For the reasons explained above, the Court hereby **OVERRULES** Defendants' objections to the magistrate judge's claim construction order with respect to the "adjacent to" term and the added limitation of "whenever the user right clicks in any environment."

## II. The Magistrate Judge Correctly Construed "Persistent Application Management Item(s)" From the Same Patent to Mean "Application Management items That do not

**Depend on Which Applications are Currently Running and do not Depend on the Location of a Cursor."**

Plaintiff argues the magistrate judge improperly imported a "cursor" limitation into the claim that is unsupported by the specification. Docket No. 74 at 4. Defendants argue that the magistrate judge improperly omitted "on the display screen" in light of the specification. Docket No. 75 at 1.

The Court disagrees with both objections. Plaintiff's arguments ignore the text of the claims, prosecution history, and specification. First, the claim limitation "persistent application management items that remain constant within the graphical user interface regardless of the user's computer environment," in Claim 1 of the '079 informs the meaning of "persistent." "[T]he context of the surrounding words of the claim also must be considered in determining the ordinary and customary meaning of those terms." *Phillips*, 415 F.3d at 1314 (citations omitted).

Second, during prosecution of the '079 Patent, the patentee's representative "explained that the current application discloses a graphical user interface having one or more *persistent* application management items that remain constant within the graphical user interface regardless of the user's computer environment, meaning that *whenever the user right clicks*, a menu providing plural options will be provided to the user *in any environment*, wherein at least one option is an application management item that enables the user to launch one or more applications." Docket No. 57-2 at 9 (emphasis added). "Even where 'prosecution history statements do not rise to the level of unmistakable disavowal, they do inform the claim construction.' " *Personalized Media Commc'ns, LLC v. Apple Inc.*, 952 F.3d 1336, 1345 (Fed. Cir. 2020) (quoting *Shire Dev., LLC v. Watson Pharm., Inc.*, 787 F.3d 1359, 1366 (Fed. Cir. 2015)). Thus, the persistent application management item is independent of the cursor's location.

Third, the specification states, "[t]he right-click menu contain[ing] a plurality of conventional contextual right-click command menu items as well as a persistent application manager item to access an application menu including one or more persistent applications." Docket No. 51-4 at 2:9–14. This is also consistent with the inventor's own statements regarding the cursor being a "centralized manager of all data . . . regardless of context." Docket No. 57-6 at 4.

Finally, the '079 Patent recites a cursor but does not recite a display screen. Including "on the display screen" in the construction would have introduced unnecessary potential confusion.

For those reasons, the Court hereby **OVERRULES** Plaintiff's and Defendants' objections to the magistrate judge's claim construction order with respect to the "persistent application management item(s)" term.

## III. The Magistrate Judge Incorrectly Concluded that "Persistent Application Item(s)" From the Same Patent to Mean "Application Items That do not Depend on Which Applications Are Running and do not Depend on the Location of a Cursor."

Plaintiff presents the same arguments for this term as it did for Term 2. Docket No. 74 at 4. Defendants contend the Court "inadvertently omitted 'currently' before 'running' in the Term 3 construction." Docket No. 75 at 1.

In the claim construction order, the Court noted that Defendants argued this term together with "persistent application management items." Docket No. 68 at 20. And the construction of Term 3 was "[f]or the same reasons set forth above as to [Term 2]." *Id.* Thus, the Court construes "persistent application item(s)" to mean "application items that do not depend on which applications are currently running and do not depend on the location of a cursor."

For these reasons, the Court hereby **GRANTS** Defendants' objection concerning the omission of the term "currently."

## IV. The Magistrate Judge Correctly Construed "Application Management Items Are Configured for Launching One or More Application Associated With the Application Management Item" and "the Application Management Items Are Configured for

**Launching an Application Associated With the Application Management Item" From Claims 1 and 8 of the '079 Patent to Have Their Plain and Ordinary Meaning.**

Defendants argue that the terms are indefinite because the specification does not define the bounds of "configured for launching." Docket No. 75 at 1. However, the specification states, "In step 810, an application is launched in response to user selection of a persistent application item." Docket No. 51-4 at 10:33–35. Additionally, Figure 18 depicts an example of "launching" an application. *Id.* at Fig. 18. And in any event, Defendant's argument appears to be an assertion of lack of enablement, not indefiniteness, and is therefore not germane to its claim construction objections. *See* Docket No. 59 at 16–17. For those reasons, the Court hereby **OVERRULES** Defendants' objections to the magistrate judge's claim construction order with respect to the "application management items are configured for launching one or more application associated with the application management item" and "the application management items are configured for launching an application associated with the application management item" terms.

## V. The Magistrate Judge Correctly Concluded That "Dynamically Updating the One or More Application Items" From Claim 10 of the '079 Patent is Indefinite.

Plaintiff argues that because two experts "demonstrated that they understand the term with the reasonable certainty required," this term cannot be indefinite. Docket No. 74 at 4. Plaintiff contends that Defendants and their *ex parte* reexamination expert understood this claim term "because they've said so in an EPR declaration." Docket No. 70 (Hr'g Tr.) at 36:2–4. However, as Defendants persuasively argued, "generally indefiniteness can't be raised in an EPR proceeding," and "obviousness or whether a claim is anticipated under 103 or 102 is not mutually exclusive of whether the same claim term can be held indefinite." Docket No. 70 (Hr'g Tr.) at 39:2–7.

Plaintiff next argues that the magistrate judge erred in construing "dynamically updating the one or more application items" as indefinite, because the order incorrectly "hinges on a lack of

antecedent basis and analogizing to *Bunshnell Hawthorne.*" Docket No. 74 at 4. But, Plaintiff concedes that "the one or more application items" does not appear in the claim from which it depends." *See* Docket No. 70 (Hr'g Tr.) at 37:1–2 ("[T]he one or more application items" appears nowhere in claim 1, apart from the preamble, from which claim 10 depends.). The magistrate judge correctly construed the claim term as indefinite. *Bushnell Hawthorne, LLC v. Cisco Sys., Inc.*, is analogous because it is not possible to determine what antecedent is being referenced. No. 2019-2191, 813 F. App'x 522, 525–26 (Fed. Cir. May 14, 2020).

Defendants argue "[i]n light of the Court's holding as to indefiniteness of claim 10 of the '079 Patent, asserted dependent claims 11 and 12 of the '079 Patent are likewise indefinite." Docket No. 75 at 2. This is not sufficient to set aside the fact that Defendants did not address Claim 11 or Claim 12 in their original claim construction briefing. Each claim has a separate presumption of validity. Accordingly, the Court hereby **OVERRULES** Plaintiff's and Defendants' objections to the magistrate judge's claim construction order with respect to the "dynamically updating the one or more application items" term.

## VI. The Magistrate Judge Correctly Construed "Menu" From Claim 1 and 7 of the '329 Patent to Have Its Plain and Ordinary Meaning.

Defendants argue that the magistrate judge improperly construed the term "menu" to have its plain and ordinary meaning because, "cursor-based menu that serves as the centralized manager for applications, application event notifications, application login/access/authentication, and finding capabilities" "aligns with how a POSITA would have understood the term in the context of the claims." Docket No. 75 at 2. Defendants' expert relies on the Abstract, "[t]he present invention generally relates to," and the background section of the '329 patent. *See* Docket No. 51-2 at ¶¶ 74–78. The magistrate judge correctly rejected Defendants' arguments because they did "not persuasively justify limiting the scope of a term so common as 'menu' without any

lexicography or disclaimer." Docket No. 68 at 33; *see Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998) ("[T]he term 'video delay circuit' has a clear and well-defined meaning. This term is not so amorphous that one of skill in the art can only reconcile the claim language with the inventor's disclosure by recourse to the specification."). Accordingly, the Court hereby **OVERRULES** Defendants' objections to the magistrate judge's claim construction order with respect to the "menu" term.

## VII. The Magistrate Judge Correctly Construed "Associating the Authentication Requirements for the Plurality of Applications That Provide Messages With a Single Login Credential" and "Associate the Authentication Requirements for the Plurality of Applications That Provide Messages With a Single Login Credential" From Claims 1 and 7 of the '329 Patent to Have Their Plain and Ordinary Meaning.

Defendants argue the "specification does not explain what 'authentication requirements,' 'associate' / 'associating,' or 'single login credential' mean." Docket No. 75 at 2. Alternatively, Defendants argue that because U.S. Patent No. 10,521,570 (the " '570 Patent") is a child of the '329 Patent and parent of the '580 Patent, it supports Defendants' alternative construction. *Id.* at 2–3. In support of their first argument, Defendants contend that a POSITA would not understand the terms with reasonable certainty. *Id* at 2; *see* Docket No. 51-2 at ¶ 94 (opining that "the term 'associate' in general parlance very broadly refers to two things having some sort of relationship; however, it is unclear what 'associate' would mean in the context of an 'authentication requirement' and 'single login credential.' "). First, the magistrate judge correctly stated in the claim construction order that the term "associating" "is a generic, commonly used word." Docket No. 68 at 37. Second, Defendants' expert's opinion as to the term "associating" is unpersuasive. *See BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1367 (Fed. Cir. 2017) (quoting *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1341 (Fed. Cir. 2005) ("[T]he inference of indefiniteness simply from the scope finding is legally incorrect: 'breadth is not indefiniteness.' ").

Defendants' argument that "single login credential" and "authentication requirement" are indefinite is similarly unpersuasive. The Court agrees with the magistrate judge's explanation:

> The distinction is reasonably clear in the context of surrounding claim language, which recites "an authentication requirement for a plurality of applications," followed by a recital of "the authentication requirements," plural, "for the plurality of applications." *See* '329 Patent, Cl. 1 (reproduced above); *see also id.*, Cl. 7 (similar). The plural authentication requirements for plural applications stand in contrast with the recital of "a single login credential," particularly when read in light of the subsequently recited limitation of "after receiving the single login credential, displaying a menu listing each of the plurality of applications that provide messages."

Docket No. 68 at 38. Additionally, Defendants have not provided persuasive support for their argument that the prosecution history regarding a particular claim in the '570 Patent should be applied to claims of the '329 Patent. The absence of the term "by the processors" in the '329 Patent supports Plaintiff's position that the limitation does not exclude user involvement. Accordingly, the Court hereby **OVERRULES** Defendants' objections to the magistrate judge's claim construction order with respect to the "authentication requirements," "associate" / "associating," and "single login credential" terms.

## VIII. The Magistrate Judge Correctly Construed "Associating, by the Processors, the First Authentication Requirement and the Second Authentication Requirement With a Touch-Based Single Manager Login Credential," "Associate the First Authentication Requirement and the Second Authentication Requirement With a Touch-Based Single Manager Login Credential" and "Associating, by One or More Processors, the First Authentication Requirement and the Second Authentication Requirement With a Touch-Based Single Manager Login Credential From the Same Patent to Have Their Plain and Ordinary Meaning.

Defendants present the same arguments for this term as they did for Term 8. *See supra* Section VII. For the same reasons set forth above as to Term 8 the Court hereby **OVERRULES** Defendants' objections to the magistrate judge's claim construction order with respect to the 'authentication requirements,' 'associate' / 'associating,' and 'single login credential' terms.

## IX. The Magistrate Judge Correctly Concluded That "Regardless of a Computer Environment Context" From the Same Patent Means "Regardless of Which Applications Are Currently Running and Regardless of the Location of a Cursor."

Plaintiff argues that the magistrate judge improperly imports "regardless of the location of a cursor" into the claim term "regardless of a computer environment context." Docket No. 74 at 2. Plaintiff contends that the claim teaches away from this construction because: (1) the independent claims "do not mention a cursor or its location;" and (2) "dependent Claims 5 and 6 make clear that the 'context' referred to in this term concerns applications, not a cursor or its location." *Id.*

With regard to Plaintiff's arguments, the specification and prosecution history make clear that "context" refers to a cursor location within a graphical user interface. First, the specification discloses that "other conventional right-click menus are similarly contextual in nature, they too are limited in their functionality, thereby minimizing the usefulness of the right-click menu." Docket No. 51-10 at 5:17–20. "One significant aspect of application manager item 406 is that it can be persistent, as opposed to being contextual, in nature." *Id.* at 6:1–3. Thus, "context" here refers to a cursor location.

Defendants argue that the claim term should be construed to mean "the applications running on the computer, along with their location on the screen and other settings." Docket No. 75 at 3. Defendants' construction is too narrow. The Court agrees with Plaintiff's argument that Defendants' "construction implies that the notification contemplated by this claim might be displayed regardless of whether a user has all application notifications disabled (i.e., an application setting)." Docket No. 51 at 21. Accordingly, the Court hereby **OVERRULES** Plaintiff's and Defendants' objections to the magistrate judge's claim construction order with respect to the "regardless of a computer environment context" term.

## X. The Magistrate Judge Correctly Construed "Displaying the Notification Adjacent to a Cursor" From the Same Patent to Have Its Plain and Ordinary Meaning.

Defendant argues that the specification does not "provide objective boundaries on the scope of what 'adjacent to' means in the context of Claim 2 of the '329 Patent." Docket No. 75 at 4. Alternatively, Defendants argue that if the term is not indefinite it should be construed as displaying the notification "such that it is brought to the cursor." *Id.* The Court rejects Defendants' indefiniteness argument as to "adjacent to" for the same reasons discussed above as to "generating a graphical user interface adjacent to a cursor in response to the input received" and "generating a graphical user interface adjacent to a cursor in response to the input" from the '079 Patent. *See supra* Section I.

Defendants' alternative argument is similarly unpersuasive. Defendants are attempting to read an additional limitation—"brought to the cursor"—into the claim term. The specification does not support this because it simply discloses this as "*an embodiment* of the present invention," not the only embodiment. Docket No. 51-4 at 2:60–3:2 (emphasis added). Accordingly, the Court hereby **OVERRULES** Defendants' objections to the magistrate judge's claim construction order with respect to the "displaying the notification adjacent to a cursor" term.

## XI. The Magistrate Judge Correctly Concluded That "Cursor" From the Same Patent to Mean "an Indicator, on a Display Screen, That Can be Moved by Using an Input Device."

Plaintiff argues that the "cursor" has no visibility requirement and that this is supported by the specification's disclosure that shows a GUI can be controlled via a touchscreen. Docket No. 74 at 3–4. Plaintiff's argument is unpersuasive. *See* Docket No. 51-2 at ¶¶ 123, 125 ("[A] POSITA would interpret the term 'cursor' as it is used in the '329 Patent to refer to an indicator which is visible on the screen . . . ."); *see also* Docket No. 57-12 ("A marker that indicates the position where a character can be entered in a video alphanumeric display. Commonly used in computers

and word processors."). Additionally, Plaintiff's expert's opinion that a "cursor" is the "site of user input" is unpersuasive. *See* Docket No. 51-3 at ¶ 78. The claim language contradicts this because it recites "display[ing] the notification adjacent to a cursor." Docket No. 51-10, Claims 2, 8.

Plaintiff also argues that another court "has rejected the notion that a cursor must be visible." Docket No. 74 at 4 (citing *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 1123752, at *32 (N.D. Cal. Apr. 4, 2012)). The Court is not persuaded by this argument. In *Apple v. Samsung*, the court held "based on the claim terms and specification, and in light of the prosecution history and prior art," the "cursor" is not limited to being visible on the screen. 2012 WL 1123752, at *33. The patentee in *Apple* distinguished the prior art, which disclosed a visible cursor, from the claimed invention, by amending the claim language to include "wherein the first window has been displayed independently from a position of a cursor on the screen." *Id.* at *32. As that court explained, "[t]he Patentee overcame the rejection *not because a cursor was not visible*, but rather because the position of the window was in direct response to the position of the user input. Thus, this amendment does not require that a cursor appear on the screen." *Id.* Again, Plaintiff's claim language is instructive. It teaches "*display[ing]* the notification adjacent to a cursor" not "independently from" a cursor or its location on the screen.

Defendants argue that the specification "refers to a visible indicator that includes a highlighted area of the screen moved in relation to at least one of a mouse, a remote control device, a directional key, and a selector." Docket No. 75 at 4. But this describes only one embodiment from the specification: "The cursor 402 of the present invention *can* include a highlighted area of the screen moved in relation to at least one of a mouse, a remote control device, a directional key, and a selector." Docket No. 51-10 at 9:57–60. As Plaintiff persuasively points out, that embodiment in the specification is permissive. *See* Docket No. 51-3 at ¶ 80. Accordingly, the Court

hereby **OVERRULES** Plaintiff's and Defendants' objections to the magistrate judge's claim construction order with respect to the "cursor" term.

## XII. The Magistrate Judge Correctly Construed "After Receiving the Single Login Credential, Displaying a Menu Listing Each of the Plurality of Applications That Provide Messages" and "After Receiving the Single Login Credential, Display a Menu Listing Each of the Plurality of Applications That Provide Messages" From the Same Patent to Have their Plain and Ordinary Meaning.

Defendants argue that the patent explicitly requires the "menu" to be "displayed within a single, unified, persistent interface." Docket No. 75 at 4–5. Defendants next argue that the magistrate judge's construction order failed to address portions of the specification and their expert's testimony. *Id.* at 5. Defendants' argument is based on language from the background section and disclosures that pertain to particular embodiments, none of which should be imported into the claims. *See* Docket No. 51-4 at 1:48–50; 2:3–8, 6:35–7:14, 11:54–12:20. The Court agrees with the magistrate judge's reasoning that the sections cited in the specification do not amount to lexicography, nor are they directed to the claim language at issue, which is "displaying a menu." *See* Docket No. 68 at 54. Accordingly, the Court hereby **OVERRULES** Defendants' objections to the magistrate judge's claim construction order with respect to the "after receiving the single login credential, displaying a menu listing each of the plurality of applications that provide messages" and "after receiving the single login credential, display a menu listing each of the plurality of applications that provide messages" terms.

## XIII. The Magistrate Judge Correctly Construed "Single Login Credential," "Single Manager Login Credential," and "Touch-Based Single Manager Login Credential" From the Same Patent and Claims 1–4 of the '580 Patent to Have their Plain and Ordinary Meaning.

Defendants argue that the terms require disavowal of "a user characteristic" due to the '580 Patent prosecution history. Docket No. 75 at 5. During prosecution the patentees added "wherein the single manager login credential comprises a user characteristic." Docket No. 57-3at 2. In

response to the examiner's rejection of Claim 1 "as failing to comply with the written description requirement," the patentees amended to remove the limitation and explicitly stated that the claim language "has been amended[] without prejudice or disclaimer of subject matter." *Id.* at 2, 8. Accordingly, the Court hereby **OVERRULES** Defendants' objections to the magistrate judge's claim construction order with respect to the "single login credential," single manager login credential," and "touch-based single manager login credential" terms.

## XIV. The Magistrate Judge Correctly Construed "Displaying, in the Application Menu and Adjacent to the First Application Item, a New Message Indicator" and "Display, in the Application Menu and Adjacent to the First Application Item, a New Message Indicator" From Claims 1–4 of the '580 Patent to Have Their Plain and Ordinary Meaning.

Defendants argue that "adjacent to" is indefinite because the specification does not provide clear objective boundaries concerning its scope. Docket No. 75 at 5. Defendants have raised this argument a couple of times in this motion. *See supra* Sections I, X. For the reasons articulated previously regarding those terms, the usage of "adjacent to" does not render the claims indefinite. Accordingly, the Court hereby **OVERRULES** Defendants' objections to the magistrate judge's claim construction order with respect to the "displaying, in the application menu and adjacent to the first application item, a new message indicator" and "display, in the application menu and adjacent to the first application item, a new message indicator" terms.

## XV. The Magistrate Judge Correctly Construed "Application Menu" From the Same Patent to Have its Plain and Ordinary Meaning.

Defendants argue that as with the term "menu" above, their proposed construction reflects the specification's clear description that proper construction should be "a menu that allows users to manage and monitor a plurality of unrelated applications, commands and event notifications via a centralized cursor-based interface." *See* Docket No. 75 at 5. Defendants essentially make the same argument that they did for the term "menu." *See supra* Section VI. For the same reasons the

Court rejects Defendants' proposed construction. Accordingly, the Court hereby **OVERRULES** Defendants' objections to the magistrate judge's claim construction order with respect to the "application menu" term.

**CONCLUSION**

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's claim construction order to which Plaintiff and Defendants objected. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination . . . ."). After review, the Court concludes that Defendants' objection as to Term 3 inadvertently omitting "currently" before "running" has merit. The Court concludes that Plaintiff's objections are without merit.

Accordingly, it is

**ORDERED** that "persistent application item(s)" from Claims 2–3, 5, and 6 of the '079 Patent is construed as "application items that do not depend on which applications are currently running and do not depend on the location of a cursor." It is further

**ORDERED** that Plaintiff's objections (Docket No. 74) are **OVERRULED**. It is further

**ORDERED** that Defendants' remaining objections (Docket No. 75) are **OVERRULED**. It is further

**ORDERED** that the remaining terms in the claim construction order of the magistrate judge (Docket No. 68) are **ADOPTED** as the opinion of the District Court.

**So ORDERED and SIGNED this 28th day of September, 2026.**

Robert W Schroeder III

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE