**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TRANSPARENCE, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 2:24-cv-00910-RWS** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | | |

**Transparence's Opposition to Samsung's Untimely Motion in Limine**

The parties already agreed not to introduce "evidence, testimony, or argument regarding Samsung's overall sales, profits, revenues, size, financial resources, or executive compensation." Nearly two weeks after the parties reached agreement on that issue, Samsung raised a new request to also exclude "any unapportioned sales, profits, or revenues from sales of the Accused Products." Given the context in which Samsung raised the issue, it is unclear what exactly this language covers.[1] To the extent this untimely request merely rehashes Samsung's meritless motion to exclude Dr. Vanderhart's opinions, it fails for the reasons explained in Transparence's response and sur-reply to that motion. *See Alacritech Inc. v. CenturyLink, Inc.*, 2:16-CV-00693-RWS-RSP, Dkt. 876 at 4 (E.D. Tex. Oct. 8, 2023) (denying "[m]otion to preclude total revenues or profits of the Defendants' products at issue . . . for the reasons set forth in the Memorandum Order . . . addressing the Daubert motions. . . ."). And to the extent Samsung seeks to bar Dr. Vanderhart from showing the jury the ***Accused Devices'*** gross and operating profits, the motion should be denied.

To briefly recap, Dr. Vanderhart arrives at the starting point for the hypothetical negotiation in four steps: (1) she calculates Samsung's gross and operating profits specifically from the Accused Devices, Dkt. 129-2, Vanderhart Rpt. ¶¶ 46–59; (2) she multiplies those profits by Mr. Mauro's functionality apportionment percentages, *id.* ¶¶ 85–90; (3) she multiplies the results by usage rates of the Accused Functionalities drawn from Samsung's own data, *id.* ¶¶ 91–121; and (4) she splits the remaining profits 61% to Samsung and 39% to Transparence based on the parties' relative contributions to realizing those profits, *id.* ¶¶ 123–29. Transparence does not intend to

[1] Samsung did not raise this issue in the parties' September 8 exchange of potential MIL topics, brief it by the Court's September 16 deadline for motions *in limin*e, or meet and confer about it. And when Transparence asked for clarification after the pretrial conference, Samsung never sent the clarifying email it promised.

display the Accused Devices' *revenues*; Dr. Vanderhart will simply explain how she derived gross and operating profits from them and present the result of the first step of her analysis. And at the final step, Transparence will ***not*** compare the final result to the gross or operating profits or suggest the result is reasonable because it is a fraction or small percentage of Samsung's gross or operating profits. Yet Samsung still demands more.

Samsung apparently seeks to reserve the right to critique Dr. Vanderhart's analysis while barring her from showing the jury the math underlying each step. After all, the Accused Devices' gross and operating profits are the very inputs from which her multi-step calculation begins.[2] Although patentees may not cite an infringer's large financial figures simply to "skew the damages horizon," *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011), not every reference to high-dollar financials is off-limits, particularly where the figures are tied to the Accused Devices and part of the damages calculation.

For this reason, courts in this district have repeatedly recognized that although patentees cannot display an infringer's ***overall*** profits or revenues, they may display the revenues or profits specific to the accused products that are part and parcel of the damages theory. *See Chrimar Sys., Inc. v. Adtran, Inc.*, 6:15-cv-618-JRG-JDL, Dkt. 714 at 4 (E.D. Tex. Dec. 6, 2016) ("No party may reference, elicit testimony, or introduce other evidence pertaining to a Defendant's total size, total revenue, total sales, total profits, or financial worth. The remainder of the Motion as to net revenue and gross profits of the accused products is DENIED."); *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, 2:15-cv-621-JRG-RSP, Dkt. 246 at 5 (E.D. Tex. Sept. 21, 2016) (granting motion *in limine* to "Exclude Evidence, Testimony, Or Argument During Trial Apple's Wealth,

[2] In her report, Dr. Vanderhart begins with the Accused Devices' revenue, but as stated above, Transparence will not display that number to the jury.

Profits, Revenue, Size, Etc." but specifically providing that the "parties may introduce evidence, testimony, or argument concerning profits or revenues concerning the accused products"); *Packet Intelligence LLC v. NetScout Sys., Inc.*, 2:16-cv-230-JRG, Dkt. 228 at 7 (E.D. Tex. Sept. 29, 2017) (denying motion *in limine* "To Preclude Evidence or Argument Concerning NetScout's Total Accused Product Revenue, Profits, or Net Worth").

Here, the Accused Devices' gross and operating profits are highly probative of where the hypothetical negotiation would begin under Dr. Vanderhart's model, and Samsung suffers no ***undue*** prejudice when Transparence displays and discusses figures central to that calculation. Showing the jury Samsung's overall profits and revenues, untethered to the Accused Devices and Transparence's damages model, would be a different matter. But Transparence proposes nothing of the kind.

At the pretrial conference, Samsung previewed an argument based on *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1327 (Fed. Cir. 2014), that Transparence is impermissibly "skewing the damages horizon" by displaying high-dollar figures its damages calculation does not require. In reality, both that argument and this motion aim to keep critical inputs of Transparence's damages case from the jury. As in *GREE*, the Court should "decline[] the invitation" because this is "not a situation where [Transparence] chose an inappropriately large number to skew the damages horizon and make its damage request seem more reasonable. Instead, the gross [and operating profit] data is the best available data, making [Transparence]'s use of it appropriate." *GREE, Inc. v. Supercell Oy*, 2:19-cv-00071-JRG-RSP, Dkt. 275 at 15 (E.D. Tex. July 20, 2020).

The Court should deny Samsung's untimely and meritless motion.

Dated: October 7, 2026

Respectfully submitted,

*/s/ Shawn Blackburn*
Shawn Blackburn
Texas State Bar No. 24089989
sblackburn@susmangodfrey.com
Ryan Caughey
Texas State Bar No. 24080827
rcaughey@susmangodfrey.com
Michael B. Brightman
Texas State Bar No. 24106660
mbrightman@susmangodfrey.com
Miranda Campbell Kerrigan
Texas State Bar No. 24151205
D.C. Bar No. 90031952
mkerrigan@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Andrea L. Fair
Texas State Bar No. 24078488
andrea@millerfairhenry.com
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**Attorneys for Plaintiff Transparence, LLC**

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served this 7th day of October 2026, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Miranda Campbell Kerrigan*
Miranda Campbell Kerrigan